## THE PENINSULAR STOVE COMPANY v. GEORGE S. HOSMER, CIRCUIT JUDGE OF WAYNE COUNTY.

*Garnishment—Affidavit—Joinder of claims.*

Garnishment proceedings in the circuit court may embrace claims for money due the principal defendant from the garnishee, and for property in his hands belonging to the principal defendant, both of which questions may be tried in one suit, and the verdict and judgment rendered conformable to the facts developed on such trial.

*Mandamus.* Submitted April 21, 1891. Granted April 24, 1891.

Relator applied for *mandamus* to compel respondent to set aside an order quashing proceedings in garnishment. The facts are stated in the opinion.

*Bowen, Douglas & Whiting,* for relator.

*George S. Hosmer,* in *pro. per., Albert J. Chapman,* for respondent.

PER CURIAM. The ·relator is a corporation duly organized and existing under the laws of the State of Michigan.

It sets forth in its petition that on February 3, 1888, it began suit in the circuit court for the county of Wayne by declaration against George E. Osmun and Robert E. Dawson, and on said day filed an affidavit of garnishment, which sets forth, among other things, as follows:

"Deponent further says that he has good reason to believe and does believe that said Nelson K. Riddle has property, money, goods, credits, chattels, and effects in his hands and under his custody and control belonging to the said defendants, George E. Osmun and Robert E. Dawson, partners as aforesaid; and further, that the said Nelson K. Riddle is indebted to the said defendants, George E. Osmun and Robert E. Dawson, partners as aforesaid."

That on the last-mentioned day a writ of garnishment was issued and duly served upon said Nelson K. Riddle, the garnishee named in the affidavit; that afterwards, and on October 10, 1888, proceedings were had in said cause whereby judgment was rendered in favor of plaintiff and against said principal defendants for the sum of $2,203.84; that demand for a trial of the liability of Nelson K. Riddle as garnishee of said principal defendants was duly filed in said cause, and said garnishee issue by this plaintiff and said defendant Nelson K. Riddle has been placed for trial upon the docket for each term for the Wayne circuit court held since the rendition of said judgment, and was so placed on the docket for the January term, 1891; that afterwards, and on February 20, 1891, said

85 MICH—26.

Nelson K. Riddle caused to be made and entered in said cause a motion to dismiss said writ of garnishment, and dismiss him with costs, and said motion was made and dismissal was asked for the following reasons:

"1. Because in the affidavit and writ of garnishment there is a misjoinder of action, both trover and *assumpsit* being joined, which is contrary to law.

"2. Because the affidavit in this garnishment proceeding . charges said garnishee defendant with being indebted to the principal defendants, and also with having property, money, goods, credits, chattels, and effects in his hands and under his control belonging to the principal defendants, involving both trover and *assumpsit* in the same action, which is not warranted by law."

That afterwards, and on March 2, 1891, said motion was argued by counsel for said Nelson K. Riddle, garnishee, and counsel for plaintiff before the Hon. George S. Hosmer, one of the judges of the circuit court for the county of Wayne, Mich., and submitted to him for decision, and he afterwards, and on the day and year last aforesaid, granted said motion, and awarded the costs thereof against relator; that the relator has no other specific remedy, etc.

The answer of the circuit judge to relator's petition admits that the relator is a corporation; that it began suit against George E. Osmun and Robert E. Dawson, and on the same day filed an affidavit in garnishment as alleged in the petition, containing the allegations therein alleged. Admits the rendition of judgment in favor of the relator and against principal defendants. Denies that a demand for a trial of the liability of Nelson K. Riddle as garnishee of said principal defendants was duly filed in said cause; and avers and shows that the following is a true copy of the paper filed in said cause as a demand for a trial of any garnishee issue, and is the only

paper purporting to be a demand for a trial of a garnishee issue in said cause. The circuit judge then sets out the title of the court and of the cause as stated in the paper, and then quotes the following language:

"And now comes the above-named plaintiff, the Peninsular Stove Company, by Bowen, Douglas & Whiting, its attorneys, and demands a trial of the above cause as to Martha Dawson and Nelson K. Riddle, garnishee defendants.

"BOWEN, DOUGLAS & WHITING,
"Attorneys for plaintiff."

Denies that said garnishee issue between said relator and the garnishee defendant, Nelson K. Riddle, or any garnishee issue betweed said relator and the said Nelson K. Riddle, has been placed for trial upon the docket at, and for each term of the said Wayne circuit court held since the rendition of said judgment, and denies also that any such issue was placed on the docket for trial to the January, 1891, term of said court.

The circuit judge admits the entering of said motion to quash said garnishee proceedings, as alleged in said petition, and that the grounds of said motion were as alleged therein. Admits that said motion was argued before him sitting as a court in said Wayne circuit court, as alleged, and that he granted said motion, with costs, and quashed said garnishee proceedings or issue; but he alleges that before quashing said proceedings as aforesaid he gave said plaintiff the option of electing on which ground alleged in said affidavit for a writ of garnishment it would proceed, and plaintiff, by its attorneys, declined to elect, and respondent at once thereafter granted the order quashing said proceedings as aforesaid.

It thus appears from the answer of the circuit judge that the main reason for quashing the writ of garnishment and the proceedings thereunder rested upon the ground that the affidavit for the writ embraced an alle-

gation that the person garnished had property, money, goods, chattels, credits, or effects in his hands or under his custody and control belonging to the defendant, and also contained the further allegation that Riddle was indebted to the defendants, Osmun and Dawson, as partners.

The statute authorizing the commencement of proceedings in courts of record by garnishment provides that the plaintiff, his agent or attorney, shall file with the clerk of the circuit court at the time of the commencement of the suit or thereafter an affidavit stating that he has good reason to believe, and does believe, than any person (naming him) has property, money, goods, chattels, credits, or effects in his hands or under his custody or control belonging to the defendants, or any or either of the defendants, or that such person is indebted to the defendants, or any or either of the defendants, whether such indebtedness is due or not, and that the principal defendant, or any or either of the defendants (naming him or them), is justly indebted to the plaintiff; and upon the filing of such affidavit a writ of garnishment shall issue commanding the sheriff to warn and summon such person to appear before said court on the day named, to make disclosure in writing under oath, to be filed with the clerk of said court, touching his liability as garnishee of the principal defendant, or any or either of the defendants, as charged in said affidavit, and thenceforth pay no money and deliver no property to the principal defendant, or any or either of the defendants; and the statute further provides that from the time of the service of such writ the garnishee shall be liable to the plaintiff to the amount of property, money, goods, chattels, and effects under his control, belonging to the principal defendant, or of any debts due or to become due from such garnishee to the principal defendant, or of

any judgment or decree in favor of the latter against the former, and for all property, personal and real, money, goods, evidences of debt, or effects of the principal defendant, which such garnishee defendant holds by conveyance, transfer, or title that is void as to creditors of the principal defendant, and for the value of all property, personal and real, money, goods, chattels, evidences of debt, or effects of the principal defendant, which such garnishee defendant received or held by a conveyance, transfer, or title that was void as to creditors of the principal defendant; and such garnishee defendant shall also be liable on any contingent right or claim against him in favor of the principal defendant.

The statute then provides for the filing with the clerk of a disclosure made by the garnishee, and for the filing of special interrogatories by the plaintiff in such action. It also provides that if the plaintiff shall file in said cause a demand for an examination of such garnishee before said judge or a circuit court commissioner, and cause a copy of the same to be served upon such defendant with a notice requiring the garnishee to appear and submit to an examination, on oath, concerning all matters of his liability as such garnishee under this act, such garnishee defendant shall appear and submit to such examination as required by such notice. It also provides for the examination, and filing the same with the clerk of the court. It is further provided by the statute that the affidavit for the writ of garnishment shall be held and considered as a declaration by the plaintiff in trover against the garnishee as defendant, where the garnishee is chargeable for property, and for money had and received, when he is chargeable upon indebtedness against the garnishee; and upon the filing of the garnishee disclosure, or upon filing of the answers to such written interrogatories in cases where the same are required, or

upon the filing of the report of the testimony or state-
ment made by such garnishee on such personal examina-
tion in cases where such examination is had, the matter
of such affidavit shall be considered as denied, except
where the same is admitted by the disclosure, and there-
upon the statutory issue shall be deemed framed for the
trial of the question of the garnishee's liability to the
plaintiff.

It may be remarked that the proceedings in garnishee
cases are entirely statutory, and the method of proceed-
ing must be such as the statute points out and contem-
plates. It may often happen that the person garnished
may be indebted to the principal defendant, and have
property in his possession or under his control belonging
to the principal defendant. In all such cases the statute
does not require that the proceedings shall be separate,
requiring separate suits and separate affidavits to reach
the property and the indebtedness. It would be an
unnecessary multiplication of suits, and we do not see
that any good purposes could be accomplished by such
separate proceedings. The plaintiff in the original suit
is, under this statute, authorized to examine the garnishee
defendant, both as to the property in his hands or under
his control and as to the indebtedness of the garnishee
to the principal defendant. We think also that the stat-
ute authorizes but one proceeding under the affidavit,
treated as a declaration, to reach the damages for prop-
erty, which the statute says shall be considered as a
declaration in trover, and also for damages for the money
had and received, where the garnishee is claimed to be
indebted. No serious difficulty can arise in proceeding
in one action against the garnishee for the damages
recoverable, whether it be in trover or *assumpsit*.

It often happens in suits authorized by our present
practice that different judgments may be rendered in the

same case; as, for instance, in replevin, or in those actions where sufficient damages are not recovered to carry costs, and in which the judgment may be rendered for the plaintiff for his damages and for the defendant for his costs. And so, under · section 8073 of Howell's Statutes, no difficulty will be found in rendering judgment for the party entitled under the provisions of that section. We do not see any necessity for separate trial in the suit by the plaintiff against the garnishee in order to determine the separate issues involved; both may be included in the same trial, and the verdict and judgment may be rendered conformable to the facts in the case. It is true that such proceedings may be anomalous, but they are such as the statute authorizes.

We have carefully considered the briefs filed upon this application, and we are of the opinion that the circuit judge was in error in dismissing the proceedings or compelling the plaintiff to elect between the action of trover and *assumpsit* against the garnishee.

The writ will therefore be granted as prayed.